[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11331
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cr-00025-RH-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ALAN PIERCE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 26, 2017)


Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Christopher Pierce appeals his 240-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  Pierce contends the district court applied an incorrect legal standard in imposing a two-level enhancement to his sentence, pursuant to U.S.S.G. § 2D1.1(b)(1), for a co-conspirator's possession of a firearm, using the test announced in *United States v. Gallo,* 195 F.3d 1278 (11th Cir. 1999).  Specifically, Pierce asserts the standard set forth in *Gallo* is invalid and outdated because it does not include new language contained within commentary to the relevant conduct guideline, U.S.S.G. § 1B1.3(a)(1)(B).  Pierce agues the new language requires the court to find the use of firearms was within the scope of his conspiratorial agreement.  After review,[1] we affirm.

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level increase, "[i]f a dangerous weapon (including a firearm) was possessed."  U.S.S.G. § 2D1.1(b)(1).  Applying the firearm enhancement for a co-conspirator's possession requires the government to prove, by a preponderance of the evidence, that:  (1) the possessor was a co-conspirator, (2) the co-conspirator's possession was in furtherance of the conspiracy, (3) the defendant was a member of the

---

[1]  Pierce raises this specific objection based on *Gallo* for the first time on appeal.  Objections or arguments that are not raised before the district court are reviewed for plain error.  *United States v. Bennett,* 472 F.3d 825, 831 (11th Cir. 2006).  This standard requires that there be error, that the error is plain, and that the error affect a substantial right.  *Id.*

conspiracy at the time of possession, and (4) the co-conspirator's possession was foreseeable by the defendant. *Gallo,* 195 F.3d at 1284. If the government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

> The Guidelines provide that relevant conduct includes:
>
> (1)(A) All acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
>
>> (B) in the case of a jointly undertaken criminal activity . . . , all acts and omissions of the others that were—
>>
>>> (i)    within the scope of the jointly undertaken criminal activity;
>>>
>>> (ii)   in furtherance of that criminal activity, and
>>>
>>> (iii)  reasonably foreseeable in connection with that criminal activity;
>>
>> that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3. Application Note 3 to the relevant conduct guideline commentary provides that in the case of a jointly undertaken criminal activity, the conduct of others that meets all three of the above criteria is relevant conduct. *Id.,* comment. (n.3(A)). The application note states the scope of a jointly undertaken

3

criminal activity is not necessarily the same as the scope of the entire conspiracy, and thus relevant conduct is not necessarily the same for every participant. *Id.*, comment. (n.3(B)). To determine the defendant's accountability for the conduct of others under (a)(1)(B), the court must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake. *Id.* The court may consider any implicit or explicit agreement fairly inferred from the conduct of all participants, and acts that were not within the scope of the defendant's agreement, even if they were known or reasonably foreseeable to the defendant, are not relevant conduct under (a)(1)(B). *Id.*

Pierce's argument that *Gallo* is an invalid and outdated test is without merit, as *Gallo* has not been overruled and remains controlling authority. *See, e.g., United States v. Barner,* 572 F.3d 1239, 1252-53 (11th Cir. 2009) (utilizing the *Gallo* test to uphold an enhancement under § 2D1.1(b)(1) when the defendant was not present at armed robbery). In addition, although Pierce failed to object during the sentencing hearing to *Gallo's* alleged deficiency in failing to require the court to first delineate the scope of the participant's agreement, the district court made formal factual findings concerning the scope of Pierce's conspiratorial agreement before announcing its sentence. The court found that Pierce was an active participant in the conspiracy at the time the firearms were found, playing a substantial role in the drug trafficking organization with more culpability than

other co-conspirators.  Because the conspiracy was extensive and the amounts of drugs were large, the court found that it was foreseeable to Pierce, who was living in the same apartment where the firearms were located, that the use of firearms would be within the scope of the agreement.  The application note to the commentary permits the court to make reasonable inferences regarding foreseeable actions between co-conspirators, and the court did not plainly err in finding that the enhancement was proper.  *See* U.S.S.G. § 1B1.3, comment. (n.4(C)(ii)) (co-conspirators selling fraudulent stocks are each accountable for the amount obtained by his accomplice because the conduct of each participant was reasonably foreseeable).

Pierce has failed to show that the district court plainly erred by imposing an enhancement pursuant to § 2D.1(b)(1).[2]  Accordingly, we affirm.

**AFFIRMED.**

---

[2]  Moreover, even if the court committed an error, Pierce has failed to show that a substantial right was affected because his guideline range would have remained the same regardless of whether he received an enhancement pursuant to § 2D1.1(b)(1).  *See United States v. Rice,* 43 F.3d 601, 608 n.12 (11th Cir. 1995) (declining to discuss whether the court erred in including a drug quantity enhancement because the sentence would remain the same).  If Pierce did not receive the firearm enhancement, his adjusted offense level would have been 35.  Because Pierce was enhanced as a career offender, however, his offense level still would have been 37, pursuant to the table in § 4B1.1.